UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RICHARD HARBUS,

                          Plaintiff,

             -against-

VOSA TV INC,

                          Defendant.

**MEMORANDUM & ORDER**
**24-CV-3572 (NGG) (JAM)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Richard Harbus brought this action against Defendant Vosa TV Inc, seeking damages and injunctive relief under the Copyright Act, 17. U.S.C. § 101 *et seq.*, for Defendant's unauthorized use of Plaintiff's photograph. After Defendant failed to appear, Plaintiff moved for default judgment against Defendant. (*See* Mot. for Default J. ("Mot.") (Dkt. 14).) Pending before this court are Magistrate Judge Joseph A. Marutollo's Report and Recommendation ("R&R") on Plaintiff's motion for default judgment and Plaintiff's objections to the R&R. (*See* R&R (Dkt. 18); Pl.'s Objs. (Dkt. 20).)

For the reasons set forth below, the Court ADOPTS the R&R in part and MODIFIES it in part. Plaintiff's motion for default judgment is GRANTED in part and DENIED in part.

## I.  BACKGROUND

The court assumes the parties' familiarity with the factual background and procedural history in this matter and thus will summarize only those facts relevant to the instant motion.

Plaintiff, a professional photographer, alleges that Defendant, a media company, copied and/or displayed a copyrighted photograph (the "Photograph") owned by Plaintiff on Defendant's website without Plaintiff's permission, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.* (*See* Compl. (Dkt. 1) ¶¶ 1-4.) On

1

July 15, 2024, after Defendant failed to "file[] an answer or otherwise move[] with respect to the complaint the Clerk of Court entered a default against Defendant. (Certificate of Default (Dkt. 10).) Plaintiff then filed the instant unopposed motion for default judgment against Defendant. (Mot.) In his motion, Plaintiff "requests that the Court award $7,500.00 in statutory damages for direct copyright infringement, $2,370.00 in attorneys' fees and $460.00 in costs for a total judgment of $10,330.00." (*Id.* at 18.) Plaintiff also asks this court to "issue an injunction permanently enjoining Defendant from displaying the Photograph on its Website or in any alternative medium under the Defendant's control." (*Id.* at 17.)

On October 17, 2024, the court referred the motion to Judge Marutollo for an R&R pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Oct. 17, 2024 Order Referring Mot.) Judge Marutollo issued the annexed R&R on March 14, 2025, recommending that Plaintiff's motion be granted in part and denied in part. (R&R at 28.) Judge Marutollo recommended that the court grant Plaintiff's motion for default judgment against Defendant but award Plaintiff attorneys' fees at an amount below what Plaintiff requested. (*See id.* at 27 (recommending that the court award Plaintiff $1,632.50 in attorneys' fees).) Specifically, Judge Marutollo concluded that the respective reasonable hourly rate for senior partner Craig Sanders is $450.00, associate Joshua Vera is $200.00, and paralegals is $75.00. (*Id.*) Plaintiff timely objected to Judge Marutollo's R&R. (*See* Pl.'s Objs.) Plaintiff's sole objection to the R&R concerns the hourly rates recommended by Judge Marutollo. (*See* Pl.'s Objs. at 1-2 ("Upon the Court's *de novo* review, Plaintiff respectfully requests an increase to the hourly rates for legal services provided, above and beyond that recommended by the R&R, so as to make the requested award commensurate with current market conditions and adjusting for inflation.").)

## II.  LEGAL STANDARD

Rule 55 provides a two-step process for obtaining default judgment. *See* Fed. R. Civ. P. 55. In step one, the Clerk of Court enters a party's default upon a party's showing, based on an affidavit or other evidence, that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). In step two, only if the plaintiff's claim is for a "sum certain or sum that can be made certain by computation" can the Clerk of Court enter default judgment. *Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV) (MMH), 2023 WL 6338666, at *3 (E.D.N.Y. Sept. 29, 2023). Otherwise, the plaintiff must move the court to enter default judgment. *Id.* When adjudicating a plaintiff's motion for default judgment, the court accepts the plaintiff's well-pleaded factual allegations as true, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The plaintiff bears the burden of alleging "specific facts" that entitle him to default judgment. *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015). The ultimate decision on the motion for default judgment is "left to the sound discretion of [the] district court." *Esquivel*, 2023 WL 6338666, at *3.

The Copyright Act permits prevailing parties to recover costs and attorneys' fees. 17 U.S.C. § 505 ("[T]he court in its discretion may allow the recovery of full costs by or against any party. . . the court may also award a reasonable attorney's fee to prevailing party as part of the costs."); *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 323 (S.D.N.Y. 2014) ("District courts have broad discretion in determining reasonable attorneys' fees."). "The starting point for determining the presumptively reasonable fee award is the lodestar amount, which is the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Hennessy v. 194 Bedford*

*Ave Rest. Corp.*, No. 21-CV-5434 (FB) (RML), 2022 WL 4134502, at *6 (E.D.N.Y. Aug. 8, 2022), *report and recommendation adopted*, 2022 WL 4134437 (E.D.N.Y. Sept. 12, 2022). "Determining the reasonable hourly rate begins by applying the 'forum rule,' which requires courts to 'generally use the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee." *Rubin v. HSBC Bank USA, NA*, No. 20-CV-4566, 2025 WL 248253, at *2-3 (E.D.N.Y. Jan. 21, 2025) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 192 (2d Cir. 2008))(reasoning that "[a]djustments and increases to those rates have tended to come in an ad hoc fashion based on indeterminate factors, including inflation").

However, the court reviews *de novo* those aspects of the R&R to which the party has objected. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *see also Fischer v. Forrest*, 286 F. Supp. 3d 590, 601 (S.D.N.Y. 2018) ("When a timely and specific objection has been made, the court is obligated to review the contested issues *de novo*."). Upon *de novo* review, the court "may accept, reject, or modify, in whole or in part," the magistrate judge's findings. 28 U.S.C. § 636(b)(1). "Portions of the R & R to which a party makes no objection are [] reviewed for clear error." *Velasquez v. Metro Fuel Oil Corp.*, 12 F. Supp. 3d 387, 397 (E.D.N.Y. 2014). Similarly, "when a party makes only conclusory or general objections, or simply reiterates his original arguments, the court reviews the report and recommendation strictly for clear error." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 715 (S.D.N.Y. 2020).

## III. DISCUSSION

Judge Marutollo concluded that "Plaintiff has established that the Photograph is an original work, and that Defendant copied

4

the Photograph in violation of the Copyright Act" and recommended that the court enter default judgment "in favor of Plaintiff and against Defendant with respect to liability." (R&R at 17.) The R&R recommended that the court grant "Plaintiff's request for a permanent injunction prohibiting Defendant from further infringement of the Photograph." (*Id.* at 19 ("The undersigned further respectfully recommends that Defendant be ordered to delete and permanently remove the Photograph, and cease display of the Photograph on its website.").) With regard to damages, the R&R "recommend[ed] that Plaintiff be awarded statutory damages in the total amount of $3,950.00, representing a multiplier of five times the $790.00 licensing fee Plaintiff offers as a comparable rate." (*Id.* at 22.) Having found no clear error in Judge Marutollo's determinations concerning liability, injunctive relief, and damages, the court adopts his recommendations. *See Velasquez*, 12 F. Supp. 3d at 397 (reviewing "[p]ortions of the R & R to which a party makes no objection . . . for clear error").

Next, Judge Marutollo also concluded that an award of attorneys' fees is appropriate. (*See* R&R at 25.) Plaintiff now objects to the R&R's determination of attorneys' fees. (*See generally* Pl.'s Objs.) In the attorney declaration attached to Plaintiff's motion, attorney Joshua D. Vera submits that his hourly rate as an associate on this matter is $250.00 per hour, and the hourly rate for the senior partner on this matter, Craig B. Sanders, is $750.00. (Vera Decl. (Dkt. 13) ¶¶ 14-15 (discussing Vera's education and qualifications), 16-17 (discussing Sanders's education and qualifications).) Plaintiff asserts that one of the paralegals billed at $125.00 per hour, and the other three paralegals billed at $150.00 per hour. (*Id.* ¶¶ 18-21.) Plaintiff seeks $2,370.00 in attorneys' fees to compensate Plaintiff's counsel for the combined 8.6 hours of work completed by the attorneys and paralegals assigned to this matter. (*See id.* ¶ 24.) Departing downward from

5

Plaintiff's request, Judge Marutollo determined that the respective reasonable hourly rate for senior partner Sanders is $450.00, associate Vera is $200.00, and the paralegals is $75.00 (R&R at 27.) Thus, Judge Marutollo recommended awarding Plaintiff $1,632.50 in attorneys' fees. (*Id.*) Plaintiff objects to the R&R and argues that Judge Marutollo failed to take due consideration of inflation and market conditions. (Pl.'s Objs. at 2 (quoting *Rubin*, 2025 WL 248253, at *5 ("[A]ttorney's fees, like other goods and services, increase in cost with inflation.")).)

The court finds Judge Frederic Block's extensive discussion of the Eastern District of New York's approach to determining attorneys' fees persuasive. *See Rubin*, 2025 WL 248253, at *5-6 (discussing the forum rule's historical application and noting that the hourly rates in the Eastern District of New York have been stagnant since 2012) (citing *Pall Corp. v. 3M Purification Inc.*, Nos. 97-CV-7599 (RRM) (ETB) & 3-CV-92 (RRM) (ETB), 2012 WL 1979297, at *4 (E.D.N.Y. June 1, 2012) ("Recent opinions issued by courts within the Eastern District of New York have found reasonable hourly rates to be approximately $300–$450 for partners, $200–$325 for senior associates, and $100–$200 for junior associates.")). Inflation, or "the general increase in prices of goods and services, which results in a decrease in the purchasing value of money," applies to legal services. *See id.* at *6. This includes the services rendered by Plaintiff's counsel in this matter. Accordingly, the court respectfully rejects Judge Marutollo's significant downward departure below the hourly rates sought by Plaintiff.

The court finds that the reasonable hourly rate for senior partner Craig Sanders is $650.00, for associate Joshua Vera is $250.00, and for all paralegals that assisted on this matter is $125.00. *See id.* at *6 ("Adjusted for inflation and market conditions, I have rounded out the forum rates in the Eastern District to now be $450-$650 for partners, $300-$450 for senior associates, $150-

6

$300 for junior associates, and $100-$150 for paralegals."). Accordingly, the court modifies Judge Marutollo's recommendation to award Plaintiff $1,632.50 in attorneys' fees, instead awarding Plaintiff $2,227.50 in attorneys' fees.[1] The court adopts Judge Marutollo's recommendation that Plaintiff be awarded costs of $460.00. (*See* R&R at 23.)

### IV. CONCLUSION

The Court ADOPTS the R&R in part and MODIFIES it in part. The court GRANTS Harbus's motion for default judgment in part and DENIES it in part. The court respectfully DIRECTS the Clerk of Court to enter default judgment against Vosa TV Inc. The court also permanently ENJOINS Vosa TV Inc from continuing to store or display Harbus's Photograph on Vosa TV Inc's website or in any alternative medium under Vosa TV Inc's control. The court further awards Harbus statutory damages of $3,950.00, attorneys' fees of $2,227.50, costs of $460.00, and post-judgment interest from the date of entry of judgment until Vosa TV Inc has satisfied the judgment.

SO ORDERED.


Dated:     Brooklyn, New York
           April 21, 2025

                                   _s/Nicholas G. Garaufis___
                                   NICHOLAS G. GARAUFIS
                                   United States District Judge

---

[1] The court arrives at the attorneys' fee award by summing the following: (i) $715.00 billed by Sanders at an hourly rate of $650 for 1.1 hours; (ii) $1,150.00 billed by Vera at an hourly rate of $250 for 4.6 hours; and (iii) $362.50 billed by paralegals at an hourly rate of $125 for 2.9 hours. (*See* Vera Decl. ¶ 24 (detailing time expended by Sanders, Vera, and paralegals on this matter); *see also* R&R at 27 (same).)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RICHARD HARBUS,

                                Plaintiff,                    **REPORT AND**
                                                          **RECOMMENDATION**

        v.

                                                24-CV-3572
VOSA TV Inc,                                  (Garaufis, J.)
                                              (Marutollo, M.J.)

                             Defendant.
------------------------------------------------------------------X

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

      Plaintiff Richard Harbus brings this action against Defendant Vosa TV Inc, seeking damages and injunctive relief under the Copyright Act, 17. U.S.C. § 101 *et seq.*, for Defendant's alleged unauthorized use of Plaintiff's photograph (the "Photograph"). *See generally* Dkt. No. 1.

      Currently pending before this Court, on a referral from the Honorable Nicholas G. Garaufis, United States District Judge, is Plaintiff's motion for default judgment against Defendant (the "Motion"). *See* Dkt. No. 11; October 17, 2024 Dkt. Order. For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's Motion be granted in part and denied in part.[1]

## I.    Background

### A.    Factual Allegations

      The following facts are taken from the Complaint, Plaintiff's Motion, and the attachments filed in support of the Motion. The facts are assumed to be true for the purposes of this motion. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (in light of defendant's default, a court

---

[1] Marcus D'Agostino, a judicial intern who is a second-year law student at Fordham University School of Law, is gratefully acknowledged for his assistance in the research and drafting of this Report and Recommendation.

is required to accept all of plaintiff's factual allegations as true and draw all reasonable inferences in plaintiff's favor); *see also Insured Advocacy Group LLC v. Tarp Solutions*, No. 24-CV-1560 (PAE) (RFT), 2025 WL 689001, at *1 (S.D.N.Y. Mar. 4, 2025).

Plaintiff is a professional photographer who copyrights his photos. Dkt. No. 1 ¶¶ 10, 12, 13; *see also* Dkt. No. 12-1.

Plaintiff alleges that he created the Photograph, which depicts a retired detective named Nicholas Calabrese surrounded by former colleagues for his birthday celebration. Dkt. No. 1 ¶ 2. Plaintiff attaches the Photograph to the Complaint, which is copied here as well:



Dkt. No. 1-1.

Plaintiff alleges that he "owns the rights and licenses [of the Photograph] for various uses[,] including online and print publications." Dkt. No. 1 ¶ 2. Plaintiff adds that he owns the copyrights

to the Photograph and that the copyright was registered with the United States Copyright Office. *Id*. ¶¶ 2, 16. Plaintiff has provided the relevant copyright information for the Photograph, including the date of publication, the date of registration, and the copyright registration number. *See* Dkt. No. 12-2. Plaintiff alleges that he first published the Photograph on February 21, 2020. *See* Dkt. No. 1 ¶ 14.

Defendant Vosa TV Inc is a media company that owns a website at domain www.vosa.tv, with paid advertisements from which Defendant profits. *Id*. ¶¶ 3, 18-21. Plaintiff alleges that Defendant copied and/or displayed the Photograph on its website on or about February 22, 2020 "as part of an on-line story at URL: https://www.vosa.tv/archives/13188." *Id*. ¶ 22. Plaintiff attaches a copy of the "screengrab of [Defendant's] website," which is copied below. *Id*



Dkt. No. 1-2.

3

Plaintiff did not give Defendant permission or authorization to copy or display the Photograph. Dkt. No. 1 ¶ 24, 26. "Plaintiff first observed and actually discovered the Infringement on April 11, 2022." *Id*. ¶ 25. Plaintiff alleges that Defendant has received financial gains attributable to the Infringement. *Id*. ¶ 35. "As a result of Defendant's misconduct, Plaintiff has been substantially harmed." *Id*. ¶ 47.

### B.    Procedural History

Plaintiff filed the Complaint on May 16, 2024. *See generally, id*. Plaintiff served the Defendant by serving the Secretary of State of the State of New York on May 24, 2024. *See* Dkt. No. 6. Defendant did not file answer or otherwise respond to the complaint. Plaintiff requested a certificate of default as against Defendant, pursuant to Federal Rule of Civil Procedure 55(a), on July 11, 2024. Dkt. No. 8. The Clerk of Court entered the certificate of default against Defendant on July 15, 2024. Dkt. No. 10.

On October 15, 2024, Plaintiff filed the Motion. Dkt. No. 25. Plaintiff's Motion includes: (1) a notice of motion (Dkt. No. 11); (2) a memorandum of law (Dkt. No. 14); (3) two affirmations from Plaintiff and Plaintiff's counsel (Dkt. Nos. 12, 13); (4) a copy of the certificate of default (Dkt. No. 13-4); and (5) a proposed form of default judgment (Dkt. No. 11-1). Plaintiff also submitted an affidavit of service indicating that Plaintiff mailed a copy of the Motion to Defendant at its last known address. *See* Dkt. No. 16.

On October 17, 2024, Judge Garaufis entered an order referring Plaintiff's Motion to the undersigned for a report and recommendation. *See* October 17, 2024 Dkt. Order.

On October 28, 2024, the Court entered an order stating that "Plaintiff notes that Defendant has a place of business located at 1090 Coney Island Avenue, Brooklyn, New York. Plaintiff is ordered to serve, by November 1, 2024, a copy of the summons, the complaint, and Plaintiff's

motion for default judgment (Dkt. No. 10) on Defendant at the 1090 Coney Island Avenue, Brooklyn, New York address.  Additionally, Plaintiff shall serve a copy of the aforementioned documents on V Telecommunications Inc., 1090 Coney Island Avenue, Ste. 8, Brooklyn, NY 11230."  October 28, 2024 Dkt. Order.

Plaintiff filed an affirmation of service at the aforementioned addresses on October 29, 2024.  *See* Dkt. No. 17.  Defendant has not filed a response to date.

## II.    <u>Standard for Default Judgment</u>

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment."  *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011).  At the first step, the Clerk of Court enters a party's default after an affidavit or other evidence shows that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a); *Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV) (MMH), 2023 WL 6338666, at *3 (E.D.N.Y. Sept. 29, 2023) ("when a party uses an affidavit or other proof to show that a party has 'failed to plead or otherwise defend' against an action, the clerk shall enter a default." (citing Fed. R. Civ. P. 55(a).  "If a claim is for 'a sum certain or a sum that can be made certain by computation,' the clerk can enter judgment."  *Id.* (citing Fed. R. Civ. P. 55(b)(1)).

At the second step, and "[i]n all other cases, the party must apply to the court for a default judgment."  *Id.* (citing Fed. R. Civ. P. 55(b)(2)).  To "enter or effectuate judgment" the Court is empowered to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."  Fed. R. Civ. P. 55(b)(2).

The Second Circuit "generally disfavor[s]" default judgment and has repeatedly expressed a "preference for resolving disputes on the merits."  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96

(2d Cir. 1993). Nevertheless, in evaluating a motion for default judgment, a court accepts as true the plaintiff's well-pleaded factual allegations, except those relating to damages. *Greyhound Exhibitgroup*, *Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). A plaintiff bears the burden of alleging "specific facts," rather than "mere labels and conclusions" or a "formulaic recitation of the elements," so that a court may infer a defendant's liability. *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ)(RER), 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *report and recommendation adopted*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015)).

The decision to grant or deny a motion for default judgment is "left to the sound discretion of a district court." *Esquivel*, 2023 WL 6338666, at *3 (quoting *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)). A court "possesses significant discretion" in granting a motion for default judgment, "including [determining] whether the grounds for default are clearly established." *Chen v. Oceanica Chinese Rest., Inc.*, No. 13-CV-4623 (NGG) (PK), 2023 WL 2583856, at *7 (E.D.N.Y. Mar. 21, 2023) (quotations and citation omitted). The Court may also "consider numerous factors, including whether a plaintiff has been substantially prejudiced by the delay involved and whether the grounds for default are clearly established or in doubt." *Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07-CV-3956 (JS) (AKT), 2010 WL 3780972, at *2 (E.D.N.Y. Aug. 23, 2010) (cleaned up), *report and recommendation adopted*, 2010 WL 3780984 (E.D.N.Y. Sept. 17, 2010). As the Second Circuit has observed, the Court is guided by the same factors which apply to a motion to set aside entry of a default, which include "whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial

of the motion for default judgment. *See Enron Oil Corp.*, 10 F.3d at 96; *Franco*, 2010 WL 3780972, at *2 (listing factors).

### III. <u>Jurisdiction and Venue</u>

The Court "must satisfy itself that it has subject matter and personal jurisdiction before rendering judgment against defendants." *Dumolo v. Dumolo*, No. 17-CV-7294 (KAM)(CLP), 2019 WL 1367751, at *4 (E.D.N.Y. Mar. 26, 2019); *see Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 732 (2d Cir. 1980) ("A judgment entered against parties not subject to the personal jurisdiction of the rendering court is a nullity.").

#### A. Subject Matter Jurisdiction

The Court has original jurisdiction over Plaintiff's copyright claims pursuant to 28 U.S.C. § 1338(a), which states, "[th]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights." *See, e.g., Stokes v. Milkchocolatenyc LLC*, 681 F. Supp. 3d 226 (S.D.N.Y. 2023). Therefore, the undersigned respectfully recommends a finding that the Court has subject matter jurisdiction over Plaintiff's claims.

#### B. Personal Jurisdiction

"A court may not enter default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process." *BASF Corp. v. Original Fender Mender, Inc.*, No. 23-CV-2796 (HG) (JAM), 2023 WL 8853704, at *5 (internal quotations and citation omitted). "Even where the Clerk of the Court has entered the defendant's default, [the] court may appropriately review the adequacy of service before entering a default judgment." *Prescription Containers, Inc. v. Cabiles*, No. 12-CV-4805 (CBA) (VMS), 2014 WL 1236919, at *5 (E.D.N.Y. Feb. 14, 2014) (quotations and

citation omitted), *report and recommendation adopted*, 2014 WL 1237098 (E.D.N.Y. Mar. 25, 2014).

New York state law permits service to on a corporate defendant by "[p]ersonally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee, which fee shall be a taxable disbursement. Service of process on such corporation shall be complete when the secretary of state is so served."  N.Y. Bus. Corp. Law § 306; *Logan v. World Luxury Cars, Inc.*, No. 15-CV-00248 (ENV) (PK), 2022 WL 2466834, at *3-*4 (E.D.N.Y. Mar. 30, 2022), *report and recommendation adopted*, 2023 WL 156878 (E.D.N.Y. Jan. 11, 2023) (finding such service proper).  Here, Plaintiff properly served Defendant by serving the New York Secretary of State on May 24, 2024.  Dkt. No. 6; *see Perez v. Mesa Azteca Corp.*, No. 23-CV-9374 (HG) (TAM), 2024 WL 5274641, at *5 (E.D.N.Y. Dec. 5, 2024) (finding service upon Secretary of State lawful under N.Y. Bus. Corp. Law § 306).

Therefore, the undersigned respectfully recommends a finding that service on Defendant was proper in this case and the Court has personal jurisdiction over Defendant.

### C.    Venue

"[A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ."  28 U.S.C. § 1391(c)(2); *see also* 28 U.S.C. § 1400(a) (copyright cases may be brought "in the district in which the defendant or his agent resides or may be found.").  Here, venue is proper in this district because Defendant is subject to the Court's personal

jurisdiction and its principal place of business is 1090 Coney Island Avenue, New York in Kings County, New York.  Dkt. No. 1 ¶ 6.  Defendant also does business in this Judicial District and a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District. Dkt. No. 1 ¶ 8-9.

## IV.    **Procedural Compliance with Local Civil Rules 7.1 and 55.2**[2]

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Eng'rs, Loc. 15, 15A, 15C & 15D, AFL-CIO v. Allstate Mapping & Layout, LLC*, No. 22-CV-1831 (PKC) (TAM), 2023 WL 1475389, at *1 (E.D.N.Y. Feb. 2, 2023) (quoting *Century Surety Company v. Adweek*, No. 16-CV-335 (ENV)(PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018)).  "[L]ocal rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution." *See Fin. Servs. Vehicle Tr. v. Osmeña*, No. 22-CV-7491 (RPK) (CLP), 2023 WL 7000935, at *2 (E.D.N.Y. Aug. 15, 2023) (internal quotation marks and citation omitted).

Under Local Civil Rule 7.1, a motion for default judgment must consist of a notice of motion, a memorandum of law, and supporting affidavits and exhibits.  Loc. Civ. R. 7.1(a).  Under Local Civil Rule 55.2, a "party seeking a judgment by default . . . shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made,

---

[2] The Local Rules of the United States District Court for the Southern and Eastern Districts of New York were updated on January 2, 2025.  As set forth in Local Rule 1.1, "these Local Civil Rules take effect on January 2, 2025 (the "Effective Date") and govern actions pending or filed on or after that date. For actions pending on the Effective Date, if fewer than 14 days remain to perform an action governed by these Rules, the provisions of the previous Local Rules effective on January 1, 2025 will govern."  Thus, given the timing of the filing of the motion for default judgment on October 15, 2024, the prior Local Civil Rules— dated July 1, 2024—are applicable here.  The Local Rules dated January 2, 2025 are therefore not applicable here, per Local Civil Rule 1.1.

and (3) a proposed form of default judgment," and must mail these three items to the last known residence of the defaulting party (if an individual).  Loc. Civ. R. 55.2(b)-(c).

Here, Plaintiff has complied with Local Civil Rules 7.1 and 55.2.  Plaintiff's Motion incudes a proper notice of motion and supporting affidavits with exhibits.  *See* Dkt. Nos. 11-13. These exhibits include the certificate of default.  *See* Dkt. No. 13-4.  Plaintiff has also included a memorandum of law (Dkt. Nos. 14, 15) and a proposed form of default judgment.  Dkt. No. 11-1. Lastly, Plaintiff has also complied with the Court's October 28, 2024 Order regarding serving Defendant at its alternative addresses.  *See* Dkt. No. 17.

Therefore, the undersigned respectfully recommends that Plaintiff has shown compliance with Local Civil Rules 7.1 and 55.2.

## V.      Compliance with the Servicemembers Civil Relief Act

The Servicemembers Civil Relief Act ("SCRA") requires a plaintiff seeking default judgment to "file with the court an affidavit stating whether or not the defendant is in military service and showing necessary facts to support the affidavit."   50 U.S.C. § 3931; *see also Windward Bora, LLC v. Ortiz*, No. 21-CV-04154 (MKB) (JMW), 2022 WL 3648622, at *5 (E.D.N.Y. July 5, 2022), *report and recommendation adopted*, 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022).  Because Defendant is an entity and not an individual, this requirement is not at issue. *See Loc. 1992 Pension Fund v. All Serv. Equip. Corp,* No. 22-CV-02522 (HG) (JMW), 2023 WL 11898244, at *3 (E.D.N.Y. July 28, 2023) (noting that the SCRA's affidavit requirement does not apply to corporate defendants).

## VI.     Default Judgment Factors

"A threshold question before reaching liability or damages is whether [the defaulting defendant's] conduct is sufficient to warrant default judgment being entered."  *Annuity, Pension,*

*Welfare & Training Funds of the Int'l Union of Operating Eng'rs Loc. 14-14B, AFL-CIO v. NAMOW, Inc.*, No. 17-CV-1469 (ARR) (SJB), 2018 WL 1440545, at *2 (E.D.N.Y. Feb. 28, 2018), *report and recommendation adopted*, 2018 WL 1440542 (E.D.N.Y. Mar. 22, 2018). In determining whether to enter a default judgment, the Court is guided by the same factors that apply to a motion to set aside entry of a default.  *See Enron Oil Corp.*, 10 F.3d at 96.  These factors include "the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer" should the motion be denied.  *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001); *see also Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-CV-9044 (LTS) (GWG), 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003) (explaining that courts evaluate "1) whether the defendant's default was willful; 2) whether the defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment.").

Defendant's failure to respond to the Complaint demonstrates the willfulness of its default. As described above, Defendant was properly served with the Complaint through the Secretary of State, as well as at its last-known addresses.  *See* Dkt. Nos. 6, 17.

Notwithstanding that service, Defendant did not respond to the Complaint, did not appear, and has not in any way attempted to defend this action, thus constituting willfulness in the context of default judgment.  *See, e.g.*, *Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258 (JS) (AKT), 2014 WL 4638844, at *6 (E.D.N.Y. Sept. 16, 2014) (holding that defendant's failure to appear demonstrated willfulness of default); *Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-CV-946 (JS) (AKT), 2015 WL 1299259, at *6 (E.D.N.Y. Mar. 23, 2015) ("Defendant's failure to answer the Complaint and to respond to the instant motion is sufficient to establish willfulness.").

As to the second factor, the Court cannot conclude whether Defendant has a meritorious defense to the allegations in the Amended Complaint because Defendant did not appear in this case to proffer any defenses.  *See Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-CV-5721 (MKB) (SJB), 2019 WL 312149, at *3 (E.D.N.Y. Jan. 3, 2019) ("[T]he Court cannot conclude there is any meritorious defense to the allegations because [the defendant] did not appear nor present evidence of such a defense."), *report and recommendation adopted*, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019).  This factor therefore weighs in favor of entering default judgment.  *Sola Franchise Corp.*, 2015 WL 1299259, at *6 ("Here, Defendant has not interposed an answer, nor has it otherwise presented any defense to the Court. These factors weigh in favor of granting a default judgment, and the allegations in Plaintiffs' Complaint are deemed admitted."); *Krevat*, 2014 WL 4638844, at *6  ("[W]here a defendant fails to answer the complaint, a court is unable to make a determination whether the defendant has a meritorious defense to the plaintiff's claims, which circumstance weighs in favor of granting a default judgment.").

As to the third factor, Plaintiff will suffer prejudice if its motion is denied because without the entry of default judgment, Plaintiff could be left without the ability to recover against Defendant for the claims set forth in the Complaint.  *See Grp. One Ltd. v. GTE GmbH*, 625 F. Supp. 3d 28, 60 (E.D.N.Y. 2022) ("Plaintiff will suffer prejudice if its motion is denied because Plaintiff will be unable to recover against Defendants for the claims adequately set forth in its Amended Complaint."); *Sola Franchise Corp.*, 2015 WL 1299259, at *15 ("denying this motion would be prejudicial to [p]laintiffs 'as there are no additional steps available to secure relief in this Court'" (citation omitted)).

In sum, all three factors permit entry of a default judgment against Defendant.  The Court thus turns to evaluate liability and damages.

12

## VII.  __Liability__

Plaintiff alleges a single count of direct copyright infringement pursuant to 17 U.S.C. §§ 501, *et seq.*  Dkt. No. 1 ¶¶ 48-57.

"Under the Copyright Act of 1976, as amended, copyright protection attaches to 'original works of authorship'—prominent among them, literary, musical, and dramatic works—'fixed in any tangible medium of expression.'"  *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 300-01 (2019) (quoting 17 U.S.C. § 102(a)).  The Copyright Act grants copyright owners the exclusive rights to reproduce the copyrighted work, "prepare derivative works based upon the copyrighted work[,]" distribute copies of the copyrighted work to the public, and publicly perform and display the copyrighted work.  17 U.S.C. § 106(1)-(6).  A person or entity that violates a copyright owner's exclusive rights is liable for copyright infringement.  17 U.S.C. § 501; *see also Strike 3 Holdings, LLC v. Doe*, No. 18-CV-5305 (DRH) (SIL), 2020 WL 6875260, at *3 (E.D.N.Y. Nov. 12, 2020), *report and recommendation adopted*, 2021 WL 21532 (E.D.N.Y. Jan. 4, 2021); *Adlife Mktg. & Commc'ns Co. v. Best Yet Mkt., Inc.*, No. 17-CV-2978 (ADS) (ARL), 2017 WL 4564763, at *2 (E.D.N.Y. Oct. 11, 2017) (citing 17 U.S.C. § 501).

To establish a claim of copyright infringement, "the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work."  *Sohm v. Scholastic Inc.*, 959 F.3d 39, 48 (2d Cir. 2020) (cleaned up); *see Fema Test Answers, LLC v. Forest Smith*, No. 22-CV-1108 (MKB), 2024 WL 3178705, at *4 (E.D.N.Y. June 26, 2024) (describing elements of copyright infringement claim).  "Copyright infringement is a strict liability offense in the sense that a plaintiff is not required to prove unlawful intent or culpability, [] and a user does not have to share copyrighted works in order to infringe a copyright."  *EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 89 (2d Cir. 2016) (citations omitted).

Here, Plaintiff has shown ownership of a valid copyright, *see* Dkt. No. 12-2, as well as Defendant's unauthorized copying of the copyrighted work*, see* Dkt. No. 12-3.

Applying these standards to the allegations in the Complaint, Plaintiff has established Defendant's liability for copyright infringement.

### A.    Ownership of Valid Copyrights

The first element of a copyright infringement claim requires proof of Plaintiff's ownership of valid copyrights to the Photograph.

A certificate of registration with the United States Register of Copyrights "constitutes prima facie evidence of the valid ownership of a copyright, although that presumption of ownership may be rebutted." *Fallows v. Vos Iz Neias LLC*, No. 22-CV-7964 (ARR)(LB), 2023 WL 7497080, at *3 (E.D.N.Y. Oct. 25, 2023) (quoting *Hamil Am., Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999)), *report and recommendation adopted*, 2023 WL 7522732 (E.D.N.Y. Nov. 13, 2023). "Alternatively, a plaintiff's assertion of the existence of a valid copyright, even without producing the certificate, is satisfactory in cases of default as the allegations in a complaint are accepted as true." *Id.*; *see Renna v. Queens Ledger/Greenpoint Star Inc.*, No. 17-CV-3378 (DRH) (SIL), 2019 WL 1061259, at *3 (E.D.N.Y. Feb. 13, 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 1062490 (E.D.N.Y. Mar. 6, 2019).

Here, Plaintiff alleges that he own the copyrights to the Photograph and that the copyright was registered with the United States Copyright Office. *See* Dkt. No. 1 ¶ 16. The effective date of Plaintiff's copyright to the Photograph is March 31, 2020, and the date of first publication is February 21, 2020. Dkt. No. 15 ¶ 2. The copyright identification number is VA 2-205-005. *Id.*

These allegations, which the Court must accept as true, are sufficient to establish Plaintiff's ownership of valid copyrights to the Photograph. *See Strike 3 Holdings, LLC v. Doe*, No. 23-CV-

998 (ENV) (JAM), 2024 WL 3369986, at *8 (E.D.N.Y. July 11, 2024) (finding that plaintiff established it was the owner of valid copyrights by alleging ownership and providing the copyright registration numbers), *report and recommendation adopted*, July 31, 2024 Dkt. Order; *Balhetchet v. Su Caso Mktg. Inc.*, No. 19-CV-4475 (PKC) (SJB), 2020 WL 4738242, at *2 (E.D.N.Y. Aug. 14, 2020) (stating "[p]laintiff has alleged ownership and registration of a valid copyright, but has not submitted a copy of the Certificate of Registration from the Copyright Office for the Video[.] The Court nevertheless accepts his allegation as true."); *Renna*, 2019 WL 1061259, at *3 ("Notwithstanding Plaintiff's failure to submit registration certificates or other evidence of registration, the Court accepts this allegation as true for purposes of its liability analysis.").

Accordingly, Plaintiff has established the first element of a copyright infringement claim against Defendant.

### B.    Originality and Infringement

The second element of a copyright infringement claim requires proof that the Photograph is an "original work," and that Defendant copied the Photograph. *See Balhetchet*, 2020 WL 4738242, at *3 ("In order to establish the second element, [p]laintiff must meet a 'minimal' burden to show that the Video is his original work and allege a violation of his exclusive rights under § 106.").

A work is "original" if it "was independently created by the author (as opposed to copied from other works), and [] it possesses at least some minimal degree of creativity." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991) (citing 1 M. Nimmer & D. Nimmer, Copyright §§ 2.01[A], [B] (1990)). The "minimal degree of creativity" standard is "extremely low," and "[t]he vast majority of works make the grade quite easily, as they possess some creative spark." *Id.*; *see Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 896

(S.D.N.Y. 2016) ("The requirements for originality are 'modest.'" (quoting *Weissmann v. Freeman*, 868 F.2d 1313, 1321 (2d Cir. 1989)).   A plaintiff can establish originality based on the author's creative choices involving the "choice of timing, location, and subject matter" of the works.  *Renna*, 2019 WL 1061259, at *3.  On a default judgment motion, the Court can also infer originality from the plaintiff's claim of authorship of the works.  *See Balhetchet*, 2020 WL 4738242, at *3 (inferring originality from allegations in complaint).

Here, Plaintiff alleges that he is the owner of the Photograph.  Dkt. No. 1 ¶ 2.  The Complaint specifies that "[i]n creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.  *Id.* ¶15.  These allegations are sufficient for Plaintiff to meet its "minimal burden" of showing that the Photograph possesses some "minimal degree of creativity."  *Balhetchet*, 2020 WL 4738242, at *3 ("the originality of the Video can be inferred from Plaintiff's claim to be the author of the Video"); *Korzeniewski*, 2019 WL 312149, at *6 (holding that plaintiff established originality by alleging that he was the sole creator of the subject image, which he described as "original and unique").

The Complaint also sufficiently alleges that Defendant infringed Plaintiff's copyrights to the Photograph by displaying it on its website without authorization.  *See* Dkt. No. 1 ¶ 22.  Plaintiff supplied a screenshot of Defendant's website featuring what appears to be the Photograph.  *See* Dkt. No. 1-2.

These allegations, which the Court accepts as true, are sufficient to establish that Defendant copied "constituent elements" of Plaintiff's photograph and, therefore, infringed Plaintiff's copyrights to it.  *See Malibu Media, LLC v. Greenwood*, No. 17-CV-1099 (PAE) (SLC), 2019 WL 7580083, at *3 (S.D.N.Y. Dec. 17, 2019) (finding that plaintiff established defendant's liability as

16

a matter of law where it alleged that defendant had downloaded and copied plaintiff's films without authorization), *report and recommendation adopted*, 2020 WL 209140 (S.D.N.Y. Jan. 14, 2020).

For these reasons, Plaintiff has established that the Photograph is an original work, and that Defendant copied the Photograph in violation of the Copyright Act.

The undersigned therefore respectfully recommends that default judgment be entered in favor of Plaintiff and against Defendant with respect to liability.

## VIII.  **Damages**

As Defendant's liability has been established, the Court turns to evaluate damages. "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158. "Rather, the Court must be satisfied that Plaintiff has met the burden of proving damages to the Court with reasonable certainty." *Balhetchet*, 2020 WL 4738242, at *3. A plaintiff may submit documentary evidence or detailed affidavits to support their damages claim. *Chen*, 2023 WL 2583856, at *14.

Plaintiff seeks permanent injunctive relief pursuant to 17 U.S.C. § 502; statutory damages for the infringement pursuant to 17 U.S.C. § 504; statutory filing fees and service costs pursuant to 17 U.S.C. § 505; attorneys' fees pursuant to 17 U.S.C. § 505; and post-judgment interest pursuant to 28 U.S.C. § 1961(a). *See* Dkt. No. 11-1; *see also* Dkt. No. 14 at 17. The Court addresses each request, in turn, below.

### A.    **Permanent Injunctive Relief**

Plaintiff seeks a permanent injunction enjoining Defendant from infringing Plaintiff's copyrighted Photograph and ordering Defendant to delete and permanently remove the Photograph from its website. *See* Dkt. No. 11-1; Dkt. No. 1; *see also* Dkt. No. 14 ("Plaintiff requests the Court

issue an injunction permanently enjoining Defendant from displaying the Photograph on its Website or in any alternative medium under the Defendant's control.").

Section 502(a) of the Copyright Act provides that any court may grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Thus, courts generally grant permanent injunctions where liability has been established and there is a threat of continuing infringement. *See Island Software & Computer Serv., Inc.*, 2006 WL 1025915, at *2 ("[W]hen a copyright plaintiff has established liability and a threat of continuing infringement, he is entitled to an injunction"); *see also Richard Feiner & Co. v. Turner Ent. Co.*, No. 96-CV-1472 (RO), 1998 WL 78180, at *2 (S.D.N.Y. Feb. 24, 1998) (noting that it is an abuse of discretion for a court to deny a permanent injunction where copyright liability has been established, and a threat of continuing infringement exists). Further, "[a] court may grant a permanent injunction on a motion for default judgment." *Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015).

"A plaintiff seeking an injunction must show: '(1) irreparable injury in the absence of an injunction, (2) the inadequacy of monetary damages alone, (3) that the balance of hardships tips in its favor, and (4) that a permanent injunction would not disserve the public interest.'" *Strike 3 Holdings, LLC*, 2020 WL 6875260, at *4 (quoting *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 637 (S.D.N.Y. 2018)).

Here, all four factors weigh in Plaintiff's favor. First, Plaintiff has alleged that Defendant displayed his picture on its website and provided evidence of such. Dkt. No. 1 ¶¶22, 23. *See, e.g., Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-CV-5721-MKB-SJB, 2019 WL 312149 (E.D.N.Y. Jan. 3, 2019), *report and recommendation adopted*, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019).

Second, "Defendant's ability to continue his infringement absent an injunction shows that monetary damages are insufficient to provide Plaintiff with relief." *See Rovio Entm't, Ltd.*, 97 F. Supp. 3d at 547 (finding monetary damages insufficient to provide relief where there existed a danger that defendant might continue infringing).

Third, the balance of hardships favors Plaintiff as "it is axiomatic that an infringer . . . cannot complain about the loss of ability to offer its infringing product." *Strike 3 Holdings, LLC*, 2024 WL 3369986, at *11 (quoting *Strike 3 Holdings, LLC*, 2020 WL 6875260, at *4). Indeed, an injunction will not prejudice Defendant – it will only prohibit it from continuing to infringe Plaintiff's copyrighted work. *See* 17 U.S.C. § 503(b); *see also Malibu Media, LLC v. Baker*, No. 18-CV-3263 (JGK) (BCM), 2020 WL 3978302, at *7 (S.D.N.Y. June 18, 2020) ("[t]here is no hardship to Defendant because a permanent injunction will do no more than prevent Defendant from engaging in further unlawful activity" (alteration in original)), *report and recommendation adopted*, 2020 WL 3972736 (S.D.N.Y. July 13, 2020).

Finally, "[t]he public has a compelling interest in protecting copyright owners' marketable rights to their work so as to encourage the production of creative work." *Malibu Media, LLC v. Doe*, No. 19-CV-3806 (DRH) (SIL), 2020 WL 8093340, at *4 (E.D.N.Y. Dec. 2, 2020) (quoting *Beastie Boys*, 87 F. Supp. 3d at 679). A permanent injunction will serve the public interest because "it will protect copyrighted material and encourage compliance with the Copyright Act." *Strike 3 Holdings, LLC*, 2024 WL 3369986, at *11 (quoting *Baker*, 2020 WL 3978302, at *7).

Accordingly, the undersigned respectfully recommends that Plaintiff's request for a permanent injunction prohibiting Defendant from further infringement of the Photograph be granted. The undersigned further respectfully recommends that Defendant be ordered to delete and permanently remove the Photograph, and cease display of the Photograph on its website. *See*

17 U.S.C. § 503(b) (authorizing courts to order the destruction of unauthorized copies of copyrighted works); *see also Strike 3 Holdings, LLC*, 2024 WL 3369986, at *11 (recommending that court grant request for injunction directing destruction of unauthorized copies in defendant's possession, custody, or control).

### B.    Statutory Damages

Plaintiff seeks statutory damages under 17 U.S.C. § 504(c) in the amount of $7,500.00, which constitutes five times what he alleges is minimum fair market value. *See* Dkt. No. 12 ¶ 25.

Statutory damages are available to copyright owners who registered their copyright "[three] months after the first publication of the work or [one] month after the copyright owner . . . learned of the infringement[.]"  17 U.S.C. § 412; *see also Strike 3 Holdings, LLC*, 2020 WL 6875260, at *3; *Millennium TGA, Inc. v. Leon*, No. 12-CV-1360 (MKB), 2013 WL 5719079, at *9 (E.D.N.Y. Oct. 18, 2013) (citing 17 U.S.C. § 412).  Plaintiff is eligible for statutory damages because the effective date of Plaintiff's copyright to the Photograph is March 31, 2020, and the date of first publication is February 21, 2020.  *See* Dkt. No. 15 ¶ 2; 17 U.S.C. § 412.

The Copyright Act provides for statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just" for unintentional infringement and up to $150,000.00 for willful infringement.  17 U.S.C. § 504(c)(1)-(2).  Courts have "wide discretion" in determining the amount of statutory damages to award.  *Greenwood*, 2019 WL 7580083, at *3 (citing *Fitzgerald Publ'g Co. v. Baylor Publ'g Co., Inc.*, 807 F.2d 1110, 1116 (2d Cir. 1986)).

In determining the amount of statutory damages, courts in this Circuit consider the following factors:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value

of the infringing material; and (6) the conduct and attitude of the parties.

*Myeress v. Elite Travel Group USA*, No. 18-CV-340 (AJN), 2018 WL 5961424, at *3 (S.D.N.Y. Nov. 14, 2018) ("[W]hen a defendant has acted willfully, a court should consider incorporating both a compensatory and punitive component to discourage further wrongdoing by the defendants and others." *See also Whitehead v. Mix Unit, LLC*, No. 17-CV-9476 (VSB) (JLC), 2019 WL 384446, at *3 (S.D.N.Y. Jan. 31, 2019) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2019 WL 1746007 (S.D.N.Y. Apr. 18, 2019).

Here, "[i]n light of Defendant's default, it is impossible for the Court to ascertain what, if any, profits Defendant earned by infringing (factor two) or the value of the infringing material (factor five)." *Strike 3 Holdings LLC*, 2020 WL 6875260, at *3. "Further, Plaintiff has provided no information regarding revenue it lost as a result of Defendant's infringement (factor three)." *Id.* "Nonetheless, the Court can evaluate Defendant's state of mind and conduct from his default (factors one and six), as well as the deterrent effect of damages on Defendant (factor four)." *Id.*

Regarding factors one and six, the Court can infer from Defendant's default that Defendant willfully infringed upon Plaintiff's copyright. *See Strike 3 Holdings LLC*, 2020 WL 6875260, at *3 ("[B]ased on [d]efendant's default, the Court may infer that his infringement was willful."); *Hounddog Prods., L.L.C. v. Empire Film Grp., Inc.*, 826 F. Supp. 2d 619, 631 (S.D.N.Y. 2011) ("Courts frequently infer willfulness where a defendant defaults."). Regarding factor four, "the need to deter is great in cases where infringers, like [d]efendant, through the use of internet downloads, work with others to infringe copyrights." *Strike 3 Holdings LLC*, 2020 WL 6875260, at *3; *see also ee Malibu Media, LLC*, 2020 WL 8093340 (finding the satisfaction of factors one, four, and six sufficient to support an award of statutory damages).

21

Plaintiff requests $7,500.00, which constitutes five times what he alleges is minimum fair market value. *See* Dkt. No. 12 ¶ 24-25. Plaintiff offered a comparable licensing fee of $790 for a similar photograph yet requested statutory damages of $7,500 based on a five-times multiplier of a $1,500 base fee. *See id.* Plaintiff's reference point of $790 is based on a price quote for a comparable picture on Getty images. Dkt. No. 12 ¶ 24. Getty images has been repeatedly recognized as a legitimate reference point to determine appropriate fees in copyright cases. *See Seidman v. Yid Info Inc*., No. 23 CV 7071 (NRM) (LB), 2024 WL 4664669, (E.D.N.Y. June 11, 2024) (approving the use of Getty images to approximate licensing fees for a photograph); *McDermott v. NYFireStore.com, Inc*., No. 18-CV-10853, 2021 WL 952455, at *3 (S.D.N.Y. Jan. 15, 2021), *report and recommendation adopted,* 2021 WL 950507 (S.D.N.Y. Mar. 12, 2021) (finding Getty Images estimate to be "adequate evidence of a comparable licensing fee" for infringed photograph despite minor differences). Additionally, a five-times multiplier for deterrence effect is proper in cases of willful infringement. *See Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368 (S.D.N.Y. 2019) (holding a five-times multiplier appropriate due to willful infringement).

But Plaintiff offers no support for the $1,500 base fee other than that it is "reflective of what [he] believe[s] is the minimum fair market value for my photograph." Dkt. No. 12 ¶ 25. The Court therefore applies the five times multiplier to the $790.00 figure instead of the $1,500.00.

Accordingly, this Court respectfully recommends that Plaintiff be awarded statutory damages in the total amount of $3,950.00, representing a multiplier of five times the $790.00 licensing fee Plaintiff offers as a comparable rate. The Court can enter this award without conducting a damages hearing. *See Strike 3 Holdings, LLC*, 2024 WL 3369986, at *12 (recommending award of statutory damages without holding a damages hearing); *see also Frost*

*& Miller, LLP v. Heaven's Way Inv. Tr.*, No. 21-CV-6648 (AT) (BCM), 2022 WL 540070, at *2 (S.D.N.Y. Feb. 22, 2022) ("The Court may conduct the inquiry based solely upon the written submissions before it, *see Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (separate damages hearing not required), or may schedule an evidentiary hearing as to damages.").

### C.    Attorneys' Fees and Costs

In any civil action under the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505.

Plaintiff requests an award of costs in the amount of $460.00, comprised of $405 in statutory filing and administrative fees and $55 in service charges. *See* Dkt. No. 15 ¶ 32. Plaintiff's request is supported by the process server's invoice, counsel's proof of payment, and Plaintiff's attorneys' affirmation of the costs incurred. *See* Dkt. Nos. 13, 13-3. Plaintiff's request to recover his filing fee of $405.00 is further verified by the docket. *See, e.g.*, *Shalto v. Bay of Bengal Kabob Corp.*, No. 12-CV-920 (KAM) (VMS), 2013 WL 867420, at *2 (E.D.N.Y. Mar. 7, 2013) (holding that filing fees are recoverable without supporting documentation if verified by the docket; *see also* Dkt. No. 1 (indicating that $405 filing fee was paid). Accordingly, the undersigned respectfully recommends that Plaintiff be awarded costs of $460.00.

The Copyright Act also provides that a prevailing party may recover attorneys' fees. 17 U.S.C. § 505 ([T]he court may . . . award a reasonable attorneys' fee to the prevailing party[.]). A fee award is not guaranteed but instead "lies within the sole and rather broad discretion of the [c]ourt." *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006); *see also Aiello v. Town of Brookhaven*, No. 94-CV-2622 (FB) (WDW), 2005 WL 1397202, (E.D.N.Y. June 13, 2005) (reducing attorney fees to reasonable rates).

Plaintiff seeks attorneys' fees in the amount of $2,370.00 based on 8.6 hours of work for attorneys Craig Sanders and Joshua Vera as well as paralegals Julie Busch, Ronald Li, Ryan Feldman, and Laura Costigan.  *See* Dkt. No. 13 ¶ 24.  Plaintiff includes timesheets in support of this application.  *See id.*

 "District courts have broad discretion to determine the amount of attorneys' fees awarded, and the party requesting fees must submit documentation to support its request." *Perry v. High Level Dev. Contracting & Sec. LLC*, No. 12-CV-2180 (AMD) (PK), 2022 WL 1018791, at *14 (E.D.N.Y. Mar. 16, 2022), *report and recommendation adopted*, 2022 WL 1017753 (E.D.N.Y. Apr. 5, 2022). "The starting point for determining the presumptively reasonable fee award is the lodestar amount, which is the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Hennessy v. 194 Bedford Ave Rest. Corp.*, No. 21-CV-5434 (FB)(RML), 2022 WL 4134502, at *6 (E.D.N.Y. Aug. 8, 2022), *report and recommendation adopted*, 2022 WL 4134437 (E.D.N.Y. Sept. 12, 2022) (internal citations and quotation marks omitted). "To determine a reasonable hourly rate, courts consider market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. (cleaned up).  "If the Court finds that some of the time the attorney billed was not reasonably necessary, it should reduce the time for which compensation is awarded accordingly." *Perry*, 2022 WL 1018791, at *14 (cleaned up).  Where time entries are vague, duplicative, or otherwise inadequate, a court may make an across-the-board reduction or percentage cut, in the amount of hours. *Id*. "The applicant bears the burden to demonstrate reasonableness." *Sadowski v. Yeshiva World News, LLC*, No. 21-CV-7207 (AMD) (MMH), 2023 WL 2707096, at *8 (E.D.N.Y. Mar. 16, 2023), *report and recommendation adopted*, 2023 WL 2742157 (E.D.N.Y. Mar. 31, 2023).

24

Here, the record shows that an award of attorneys' fees is appropriate.  Plaintiff asserts that the Court should award attorneys' fees based on the following hourly rates: $750.00 for senior partner Craig Sanders; $250.00 for associate attorney Joshua Vera, $125.00 for paralegal Ronald Li, and $150.00 for paralegals Julie Busch, Ryan Feldman, and Laura Costigan.  *See* Dkt. No. 13, at 3-5. In support of his application, Plaintiff provides timesheets and biographical information of the attorneys who worked on this case.  *See* Dkt. No. 13.

Mr. Sanders, a graduate of the University of Pennsylvania Law School, is a founding partner in the law firms of Sanders Law, PLLC, Barshay Sanders, PLLC and Sanders Law Group. Dkt. No. 13 ¶ 17.  He was admitted to practice law in Florida in 1993 and New York in 1994 and is admitted to multiple Circuit Courts of Appeals and the Unites States Supreme Court.  *Id.*  Mr. Sanders seeks a rate of $750 per hour.  Dkt. No. 13 ¶ 16.

Mr. Sanders has been previously denied a rate of $750.00.  *See Seidman v. Yid Info. Inc.,* No. 23-CV-7071 (NRM) (LB), 2024 WL 4664669 (E.D.N.Y. June 11, 2024) ("Mr. Sanders'[s] requested hourly rate of $750 is nearly double the rate that courts have approved for partners in this district. The Court instead finds $450 per hour is a reasonable rate for Mr. Sanders").  This Court has some discretion to go above the standard rate.  *Ghahremani v. CRAFT for Kids Imps., Inc.,* No. 24-CV-04356 (FB) (LKE), 2025 WL 758636, at *2 (E.D.N.Y. Mar. 11,, 2025) (allowing a partner to seek fees of $500 based on their experience and qualifications).  There has also been a recent shift in this district to allow fees for partners in the range of $450-650.  *Rubin v. HSBC Bank USA, NA*, 717 F. Supp. 3d 266, 270 (E.D.N.Y. 2024).  In light of the relevant case law and Mr. Sanders representations about his work in this case, *see* Dkt. No. 13, the Court finds that a reasonable rate is $450 per hour.  *See Seidman* 2024 WL 4664669, at *8 (also lowering Mr. Sanders' rate from $750 per hour to $450 per hour).

25

Mr. Vera graduated from law school in 2021 and is described as an associate attorney.  *See* Dkt. No. 13 ¶ 15.  Mr. Vera focuses his practice on intellectual property matters.  *See id*.  Mr. Vera's requested rate is $250.00 per hour.  *Id.* ¶ 14.  *Haker v. Tentree Int'l Inc*., No. 20-CV-1499, 2021 WL 3884195, at *6 (E.D.N.Y. Aug. 31, 2021) (stating appropriate rates in this district as $200 to $325 for senior associates, and $100 to $200 for junior associates).  Mr. Vera is not described as a senior associate and graduated from Touro University law school three years prior to working on this case.  Dkt. No. 13 ¶ 15.  The Court therefore finds $200 to be a reasonable rate for Mr. Vera.  *See Bay Park Ctr. for Nursing & Rehab. v. Philipson*, 659 F. Supp. 3d 312, 318 (finding $200 per hour to be reasonable for an attorney with three years of experience).

Finally, Plaintiff asserts that one of the paralegals billed at a rate of $125.00 per hour, and the other three paralegals billed at a rate of $150.00.  Dkt. No. 13 ¶ 18-21.  *Morales*, 2023 WL 7684775, at *8 (citing *Montanes v. Avanti Pizza 2 Inc.*, No. 21-CV-586 (ERK), 2022 WL 17820103, at *8 (E.D.N.Y. Oct. 20, 2022) (collecting cases for the proposition that in default judgment cases, paralegals are typically awarded a $75 hourly rate); *Protection One Alarm Monitoring, Inc. v. Executive Protection One Security Service, LLC*, 553 F. Supp. 2d 201, 209 (E.D.N.Y. 2008) ("Where the moving party fails to provide information on the attorneys' and paralegals' backgrounds and experience, courts have used their discretion to award fees at a rate lower than requested").  No information is provided regarding the paralegals' backgrounds or experience.  Where an applicant fails to provide background and experience information that would enable a court to assess the reasonableness of a requested rate, a court may use its discretion to award fees at a lower rate.  *Rudler v. Houslanger & Assocs., PLLC*, No. 18-CV-7068 (SFJ)(AYS), 2020 WL 473619, at 12 (E.D.N.Y. Jan. 29, 2020).  *Jimenez v. Green Olive Inc.*, 744 F.Supp.3d 221, 238 (E.D.N.Y., 2024) (finding $75 per hour a reasonable rate for paralegals).

Consequently, the Court recommends that the paralegal hourly rates be lowered to $75 per hour.

Next, the court must determine the reasonableness of the number of hours expended by counsel. *Martinez v. New 168 Supermarket LLC*, No. 19-CV-4526 (CBA) (SMG), 2020 WL 5260579, at *9 (E.D.N.Y. Aug. 19, 2020), *report and recommendation adopted*, 2020 WL 5259056 (Sept. 30, 2020). Courts examine the time records to exclude what appears to be excessive or unnecessary hours and "with a view to the value of the work product of the specific expenditures to the client's case." *Id.* (citations and quotations omitted). Here, Plaintiff's counsel claims that 8.6 hours were worked. Dkt. No. 13 ¶ 24. The time records include sufficient notes as to what each hour entailed (*id.*) and the Court does not find that the work is excessive.

Therefore, the reasonable attorneys' fee award is calculated as follows:

| Timekeeper | Requested Rates | Approved Rates | Hours | Fees |
|---|---|---|---|---|
| Craig Sanders | $750 | $450 | 1.1 | $495.00 |
| Joshua Vera | $250 | $200 | 4.6 | $920.00 |
| Paralegals | $125 | $75 | 2.9 | $217.50 |
| | | **Total Attorneys' Fees** | | $1632.50 |

Accordingly, this Court respectfully recommends that Plaintiff be awarded costs in the amount of $460.00 and attorneys' fees in the amount of $1,632.50.

### D.    Post-judgment Interest

Finally, Plaintiff seeks, and is entitled to, post-judgment interest as of right. *See* Dkt. No. 11-1; *see also* 28 U.S.C. § 1961. "The very language of 28 U.S.C. § 1961 ensures that an award of post-judgment interest is mandatory in any civil case where money damages are recovered." *Duffy v. Oyster Bay Indus., Inc.*, No. 10-CV-3205 (ADS) (ETB), 2011 WL 2259798, at *3 (E.D.N.Y. Mar. 29, 2011), *report and recommendation adopted*, 2011 WL 2259749 (E.D.N.Y. June 2, 2011); *see also Strike 3 Holdings, LLC*, 2024 WL 3369986, at *14 (recommending award

of post-judgment interest); *Malibu Media, LLC*, 2020 WL 8093340, at \*5 (awarding post-judgment interest in a copyright infringement case).

Accordingly, the undersigned respectfully recommends that Plaintiff be awarded post-judgment interest at the current legal rate allowed and accruing under 28 U.S.C. § 1961(a), from the date of the entry of judgment in this case until Defendant has satisfied the judgment.

## IX. <u>Conclusion</u>

Accordingly, the undersigned respectfully recommends that Plaintiff's Motion be granted in part and denied in part.

A copy of this Report and Recommendation is being electronically served on counsel. This Court directs Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendant Vosa TV Inc at the below addresses by March 17, 2025:

Vosa TV Inc
1090 Coney Island Avenue
Brooklyn, NY 11230

V Telecommunications Inc.,
1090 Coney Island Avenue, Ste. 8
Brooklyn, NY 11230

Proof of service shall be filed on ECF by March 17, 2025. Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Garaufis. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United*

*States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas*

*v. Arn*, 474 U.S. 140 (1985).

Dated:        Brooklyn, New York
              March 14, 2025

                                        **SO ORDERED:**

                                         */s/ Joseph A. Marutollo*
                                        JOSEPH A. MARUTOLLO
                                        United States Magistrate Judge